DISTRICT OF OREGON: ss, AFFIDAVIT OF IAN ANDERSON

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Ian Anderson, being first duly sworn, hereby depose and state as follows:

**Introduction and Agent Background**

1. I am a Deputy Sheriff with the Clackamas County Sheriff's Office and have been a sworn police officer in the State of Oregon since October of 2014. I am currently a Task Force Officer ("TFO") with the Drug Enforcement Administration ("DEA") and have been since January of 2025. I am assigned to the DEA Seattle Field Division ("SFD") Portland District Office ("PDO"). As a Task Force Officer with the DEA, I have participated in numerous drug investigations as either the lead case agent or as a supporting investigative agent, including in Title III wiretap investigations of violations of the Controlled Substances Act, Title 21, United States Code, Section 801, et seq. Prior to my assignment as a DEA TFO, I was assigned to the Clackamas County Interagency Task Force ("CCITF") as a narcotics investigator for five years. The CCITF primarily investigates controlled substance offenses of the Oregon Revised Statutes. While at the CCITF, I was afforded the opportunity to attend specialized training with an emphasis on narcotics investigations. In 2019, I attended the DEA Basic Drug Investigation Course, which is an 80-hour course with a focus on informant handling, narcotics investigation techniques, surveillance and drug trends. During my employment, I have received over 2,000 hours of law enforcement training. I have investigated more than 50 drug related cases and have also completed supplemental drug training to include the following courses: Narcotic Officer Survival and Red Flag Training, Proactive Undercover Investigations, Financial Threat Analysis, Opioid Overdose and Dark Web Investigations. I am familiar with investigations of drug trafficking organizations (hereinafter, "DTOs"), including identifying methods of importation and distribution of controlled

substances, and how controlled substances are manufactured, consumed, packaged, marketed, smuggled, and distributed. I am also familiar with various tactics used by DTOs to import drugs into the United States, communicate with members of the DTOs, and arrange for transportation and distribution of drugs.

2. I submit this affidavit in support of a criminal complaint and arrest warrant for **Guy Joshua Norris** (hereinafter "NORRIS") for the crime of possession with intent to distribute controlled substances (including fentanyl, a Schedule II controlled substance), 400 grams or more, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vi), and Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). The facts set forth in this affidavit were gained through my personal participation in the investigation as described below; from oral and written reports of other law enforcement officers; and from records, documents and other evidence obtained during this investigation. I have obtained and read official reports prepared by law enforcement officers participating in this investigation and in other related investigations. As set forth below, there is probable cause to believe, and I do believe, that NORRIS committed possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vi) and felon in possession of a firearm, 18 U.S.C. § 922(g)(1),.

## Applicable Law

3. Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(vi) makes it illegal to possess with the intent to distribute 400 grams or more of a substance containing a detectable amount of fentanyl.

4. Title 18, United States Code, Section 922(g)(1) prohibits the possession of a firearm by any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

## Statement of Probable Cause

### Sources of Information

5. The Confidential Source (hereinafter "CS") referenced herein has been arrested by the Central Oregon Drug Enforcement (CODE) in 2026 in reference to a state investigation and is currently working for consideration on a pending state case. To date the CS has provided law enforcement with information on several occasions involving the trafficking of narcotics in the district of Oregon. The information the CS provided has been vetted and found to be reliable, though has not previously resulted in any arrests. The CS has a lengthy criminal history including convictions for the following crimes: Felon in possession of a weapon, Unlawful manufacture of methamphetamine, Assault 4, Unlawful possession of methamphetamine, Harassment, Burglary, Theft 1, Resisting arrest, Supplying contraband, Unlawful use of motor vehicle, Forgery, Theft by receiving, Illegal possession of a firearm, and several probation and parole violations.

6. On October 7, 2026, investigators assigned to the DEA Portland District Office (hereinafter "PDO") learned a confidential source (hereinafter "CS") was communicating with NORRIS, a fentanyl source of supply in California and Oregon. The CS stated NORRIS was able to facilitate the sale of four ounces of fentanyl powder to the CS in the Portland metropolitan area. Prior to the transaction, investigators assigned to the Central Oregon Drug Enforcement team (hereinafter "CODE") were able to determine NORRIS was operating a gray 2025 Mazda CX-50 bearing Michigan license plate "26250RF" based on electronic surveillance from days earlier.

7. Investigators directed the CS to communicate with NORRIS to arrange a drug transaction, but the CS was not involved in the actual transaction itself. NORRIS directed the CS to meet with him at a location off SE Powell Boulevard in Portland, Oregon to complete the drug transaction.

8. Investigators established physical surveillance in the area of the location identified by NORRIS. During surveillance, investigators initially located the Mazda CX-50 parked in a Jack in the Box parking lot. Investigators temporarily lost sight of the Mazda, then re-located the Mazda at the Lucky Devil Lounge, located on SE Powell Boulevard in Portland, Oregon. Investigators noted this was only a short distance away from the originally agreed upon meeting location. Investigators observed the vehicle was backed into a parking space, facing north.

9. Investigators conducting physical surveillance of the vehicle observed the rear hatch of the vehicle open for approximately one minute before closing. Investigators then observed a male walking eastbound, towards the arranged deal location, and out of sight. Moments later, Investigators observed the same male and confirmed him to be NORRIS, based on a comparison to his driver's license photo. Investigators watched NORRIS walk to the deal location and then return to the Mazda minutes later. Investigators were also able to confirm that NORRIS had active felony warrant(s) for his arrest.

10. Once NORRIS got into the driver's seat of the vehicle, investigators activated their red/blue police lights and pinned the vehicle in to ensure NORRIS couldn't escape. Investigators gave commands to NORRIS, who first removed a red crossbody satchel from his person and placed it in the vehicle before exiting the vehicle where he was placed under arrest. During a search of NORRIS's person, investigators located approximately 151.3 grams of a white powder in two separate plastic bags in his jacket pocket, as well as approximately several thousand dollars in United States currency in NORRIS's left cargo shorts pocket.

11. Investigators searched the Mazda and recovered the red crossbody satchel NORRIS removed prior to exiting the vehicle. In the satchel, investigators located a Smith & Wesson M&P Shield 9mm handgun (with a loaded magazine inserted, but no round in the chamber). Investigators

also located a piece of mail in the same satchel addressed to NORRIS, as well as a box of 9mm ammunition with approximately 5 spent cartridges and approximately 36 live rounds. During a search of the trunk area of the vehicle, investigators located multiple clear and multi-colored bags which contained off-white and blue-ish powdery substance(s) inside a Patagonia duffel bag. Investigators also located a black and red box inside the Patagonia duffel bag which contained approximately 2.8 kilograms of a white, powdery substance. A photograph of the inside of the box appears below:



12. All items of evidentiary value were ultimately transported to the PDO by investigators and processed as evidence. The cumulative weight of the white, powdery substance located inside the vehicle was approximately 2,829 grams, to include packaging weight. The white, powdery substance produced a presumptively positive result for fentanyl.

13. During a post-Miranda interview of NORRIS, he stated he acquired the gun from a random male in the Los Angeles, California area. NORRIS told investigators he carried the gun

because, “I had a lot of stuff,” and continued by telling investigators he only had the gun, “only if someone tried to rob me.” Investigators clarified NORRIS possessed the handgun for protection purposes and NORRIS stated, “Yeah, simply that.” NORRIS admitted that he was in possession of fentanyl for purposes of distribution.

14. According to a query of a law enforcement database, NORRIS was convicted of Unlawful Delivery of Methamphetamine in 2018 in Deschutes County Circuit Court case 18-CR-48814, where he received a sentence of 19 months in prison. NORRIS was also convicted of Unlawful Delivery of Methamphetamine in 2016 in Clackamas County Circuit Court case 16-CR-00878, where he received a sentence of 26 months in prison. Based on those felony convictions, I believe NORRIS to be a felon who is prohibited under federal law from possessing any firearm or ammunition or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

## Conclusion

15. Based on the foregoing, I have probable cause to believe, and I do believe, that **Guy Joshua NORRIS** has committed the crime of possession with intent to distribute 400 grams or more of a substance containing a detectable amount of fentanyl, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). I therefore request that the Court issue a criminal complaint and arrest warrant for **NORRIS.**

16. Prior to being submitted to the Court, this affidavit, the accompanying complaint, and the arrest warrant were all reviewed by Assistant United States Attorney Nicole Hermann. AUSA Hermann advised me that in her opinion the affidavit and complaint are legally and

factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

*By phone pursuant to Fed R. Crim. P. 4.1*
Task Force Officer Ian Anderson
Drug Enforcement Administration

Subscribed and sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 4:08 pm on October 8, 2026.

Youlee Yim You
HONORABLE YOULEE YIM YOU
United States Magistrate Judge